# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>RIVER CITY RECYCLING, LLC,<br><br>                Debtor. | Chapter 7<br><br>Case No. 16-10496 (LSS) |
| DON A. BESKRONE, Chapter 7 Trustee of River City Recycling, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>MATERIALS MANAGEMENT & RECYCLING, LLC, MATTHEW P. APPELGET and JOHN DOES 1-10,<br><br>                Defendants. | Adv. Proc. No. _____ |

## COMPLAINT

Plaintiff Don A. Beskrone, Interim Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the Estate of River City Recycling, LLC (the "Debtor"), by and through his proposed undersigned counsel, hereby alleges for his complaint against Materials Management & Recycling, LLC ("MM&R"), Matthew P. Appelget ("Appelget") and John Does 1-10 (together with MM&R and Appelget, the "Defendants"), upon knowledge as to his own actions and upon information and belief as to the actions of others:

### SUMMARY OF ACTION

1.     This is an adversary proceeding seeking declaratory and injunctive relief to enjoin the continued improper possession by the Defendants of property of the Debtor's Estate, an award of damages relating to the Defendants' willful violation of the automatic stay, and restitution

damages from the Defendants relating to their unjust enrichment through their use of the Debtor's property.

## JURISDICTION AND VENUE

2. This adversary proceeding arises in and relates to the Chapter 7 case *In re River City Recycling, LLC,* Case No. 16-10496 (LSS) (the "Bankruptcy Case"), which is now pending before the United States Bankruptcy Court for the District of Delaware (the "Court").

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b) (e).

4. This adversary proceeding constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2), and the Court can enter final judgment.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. Pursuant to Rule 7008-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff states that it consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## PARTIES

7. Defendant MM&R is a Virginia limited liability company, with its principal office purportedly located at 1207 School Street, Suite 5, Richmond, Virginia 23220.

8. Defendant Appelget is an individual residing in Richmond, Virginia. Upon information and belief, Appelget is a representative and/or principal of MM&R.

9. Defendants John Does 1-10 are persons and/or legal entities that currently or in the future may occupy or exercise control over the Premises or the Property (as defined below), but whose specific identities are presently unknown to the Plaintiff.

10. Plaintiff is the Interim Chapter 7 Trustee for the Debtor's Estate.

## FACTUAL BACKGROUND

11. Upon information and belief, prior to commencing its Chapter 7 case, the Debtor operated a recycling business specializing in scrap metal and auto recycling. Among other things, the Debtor's business consisted of purchasing, selling and recycling ferrous and nonferrous metals, as well as other materials ranging from plastics to electronic scrap.

12. On February 26, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter, the United States Trustee for the District of Delaware appointed Don A. Beskrone to serve as the Interim Chapter 7 Trustee in this case. The Trustee has commenced a preliminary investigation into the Debtor's business, and this investigation is ongoing.

13. The Debtor's Petition, along with its Schedules of Assets and Liabilities (the "Schedules") [D.I. 6] and Statement of Financial Affairs (the "SOFAs") [D.I. 7], were signed under penalty of perjury by Appelget, the Debtor's former President and CEO.

14. A meeting of creditors pursuant to 11 U.S.C. § 341(a) is scheduled to take place on March 30, 2016 at 11:00 a.m. (EST). [D.I. 9].

## FACTUAL ALLEGATIONS

15. Upon information and belief, the Debtor has a leasehold interest in certain real property commonly referred to as 1207 School Street, Units 5, 10, 11 and 13, Richmond, Virginia 12330 (collectively, the "Premises"). The Premises are leased to the Debtor by 1207 School

Street, LLC, and approximately 22 months remain on the lease's term. The Debtor also has an interest in various personal property, including certain equipment, machinery and other items, some or all of which is located at the Premises (the "Property"). Because it is unclear the extent to which the Defendants have an interest in *any* of the property located at or in the Premises, the term "Property" is meant to, and does, include *all* property at or in the Premises.

16. MM&R, a separate, non-debtor entity, is currently using, occupying and/or operating in all or a portion of the Premises. The Debtor's SOFAs identify MM&R as being in possession of the Debtor's books of account and records, and in doing so list MM&R's current address as the Premises. Upon information and belief, Appelget is a representative and/or principal of MM&R.

17. None of the Defendants have authority or permission to use, occupy, and or operate in or on any portion of the Premises, or to use, operate or possess any other Property.

18. On March 4, 2016, the Chapter 7 Trustee sent an email and letter, through counsel, to the Defendants identifying the Premises as the property of the Estate and demanding that the Defendants immediately cease and desist any further use, occupancy and/or operation in or on the Premises.

19. The Trustee made efforts, through his counsel, to contact counsel for MM&R and Appelget. Specifically, on March 7-8, 2016, the Trustee, through his counsel, corresponded with an attorney speaking on behalf of Appelget. Through this correspondence, the Trustee advised that MM&R and Appelget were in violation of the automatic stay, and reserved the right to seek injunctive and other relief in the event the parties refused to comply with the request to quit the Premises.

20. The Trustee requested, through counsel, some proof that the Defendants had the right to occupy or otherwise use any of the Premises. In response to that inquiry, the Trustee, through counsel, received a purported Third Amendment To Lease Agreement, by and among 1207 School Street, LLC and MM&R and relating to the Premises (the "<u>Third Amendment</u>"). The Third Amendment does not include the Debtor as a party thereto, is not signed by MM&R, and is undated.

21. On March 8, 2016, the Trustee traveled to the Premises, where business was actively being conducted. Additionally, signage on the building read "River City Recycling," and logos bearing "River City Recycling" were found on other items of personal property located on the Premises.

22. Two individuals who identified themselves as Kevin Atherton and Angela Rooks met with the Trustee on behalf of one or more of the Defendants. The Trustee presented Atherton and Rooks with the Notice of Chapter 7 Bankruptcy Case for the Debtor, his Bankruptcy Trustee Identification Card, the Petition and the Debtor's Schedule G, which shows the Premises as the Debtor's address.

23. The Trustee then demanded that the Defendants turn over keys to the Premises, alarm codes and security system information, mail, petty cash, and keys and titles to vehicles, but they refused to do so.

24. To date, the Defendants have refused to vacate and cease their occupancy and use of the Premises.

## COUNT I
(Declaratory Relief)

25. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

26. The Debtor's Schedules state that Debtor has a leasehold interest in the Premises as well as interest in the certain of the Property.

27. The Debtor's interest in the Premises and the Property is property of the Estate, subject to the automatic stay.

28. The Defendants have no authority or permission to use, occupy, and or operate in or on any portion of the Premises, or to use, operate or possess any other Property.

29. The Plaintiff is entitled to a declaration that the Debtor's leasehold interest in the Premises and the Property is property of the Estate, subject to the automatic stay.

## COUNT II
(Injunctive Relief)

30. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

31. The Plaintiff is entitled to temporary and preliminary injunctive relief enjoining the Defendants from operating in or on any portion of the Premises, or using, operating or possessing any other Property.

32. Without the injunctive relief sought herein, there is a substantial threat that the Debtor's Estate will suffer immediate and irreparable injury from the Defendants' continued occupation, and or operation in or on any portion of the Premises, or use, operation or possession of any other Property. Absent relief from this Court, the Defendants' actions threaten to decrease the value of the Debtor's Estate, void the Debtor's lease, void the Debtor's insurance policy covering the Premises and subject the Estate to unnecessary liability.

33. The Plaintiff has a substantial likelihood of success on the merits of Counts I, III and IV for the reasons set forth herein.

34. The Plaintiff has no adequate remedy at law.

## COUNT III
(Willful Violation of the Automatic Stay)

35. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

36. The filing of the Debtor's bankruptcy petition triggered the protections of the automatic stay under section 362(a) of the Bankruptcy Code.

37. The Defendants had notice and actual knowledge of the Debtor's petition through Appleget's involvement in the filing of the Debtor's SOFAs and Schedules. Indeed, Appleget signed the Debtor's Petition, schedules and Statement of Financial Affairs on behalf of the Debtor under penalty of perjury. Additionally, the Plaintiff expressly provided notice to the Defendants of the pending bankruptcy and their violations of the automatic stay in early March 2016.

38. The Defendants have intentionally refused to vacate and cease occupancy and use of the Premises despite the Plaintiff's demand to do so. The Defendants also continue to possess and exercise control over the Property.

39. The Plaintiff is entitled to sanctions as a result of the Defendants' willful violation of the automatic stay under 11 U.S.C. § 362(k)(1).

## COUNT IV
(Unjust Enrichment)

40. The Plaintiff repeats and realleges the allegations of paragraphs 1 through 24 as if fully set forth herein.

41. The Defendants are not authorized to occupy the Premises or to otherwise exercise control over real or personal property in which the Debtor has as interest. Nonetheless, the Defendants improperly occupied and operated from the Premises, and operated and/or otherwise exercised control over the Debtor's property. As a result, the Defendants have been unjustly enriched at the expense of the Estate.

42. The Defendants' use and occupancy has deprived the Debtor of possession of the Premises and the Property and has decreased the value of both the Property and the Estate as a whole.

43. The Defendants' improper use and occupancy of the Premises and the Property are contrary to the fundamental principles of justice, equity, and good conscience.

44. As a result of the Defendants' wrongful use and occupancy of the Premises and the Property, the Court should award restitution damages and order that any profits resulting from the Defendants' use be disgorged.

*   *   *

WHEREFORE, the Plaintiff requests that the Court enter judgment against the Defendants and providing the following relief:

(a) Declaring that the Premises and the Property are property of the Estate subject to the automatic stay;

(b) Finding that the Defendants' continuing occupancy and use of the Premises, and exercise of possession over and/or use of the Property, constitutes a willful violation of the automatic stay;

(c) Temporarily and preliminarily enjoining the Defendants and any of their affiliates from accessing, using or otherwise claiming any rights in the Premises, and from using, removing, disposing of or otherwise claiming any rights in any of the Property;

(d) Compelling turnover of all Property to the Trustee, including but not limited to keys to the Premises, alarm codes and security system information, mail, petty cash, and keys and titles to vehicles;

(e) Awarding restitution damages and requiring disgorgement of any profits resulting from the Defendants' unjust enrichment at the expense of the Estate;

(f) Awarding sanctions for the Defendants' willful violation of the automatic stay;

(g) Granting the Plaintiff its attorneys' fees and costs reasonably incurred in connection with this action; and

(h) Granting such other and further relief as the Court deems just and proper.

Dated: March 10, 2016            **ASHBY & GEDDES, P.A.**

    */s/ F. Troupe Mickler IV*
Ricardo Palacio (#3765)
F. Troupe Mickler IV (#5361)
Lauren Dunkle Fortunato (#6031)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
rpalacio@ashby-geddes.com
tmickler@ashby-geddes.com
lfortunato@ashby-geddes.com

*Proposed Counsel for Don A. Beskrone,
Interim Chapter 7 Trustee*